ASHLEY COTTRELL *v.* SOUTHERN RAILWAY COMPANY.

RAILROADS.    *Contributory negligence.    Personal injuries.    Negligence of engineer.*

Notwithstanding the contributory negligence of a plaintiff who, after seeing a train approaching at an unlawfully high rate of speed, attempted to drive a wagon across the track in front of it and was injured, the question of whether proper diligence on the engineer's part would have avoided the injury should be submitted to the jury, when it appears that he was on the lookout and presumably aware of the plaintiff's peril.

FROM the circuit court of Clay county.

HON. W. T. STEVENS, Judge

Cottrell, appellant, was plaintiff, and the railway company, appellee, was defendant, in the court below.

The opinion sufficiently states the case.

*Critz, Beckett & Kimbrough,* for appellant.

Where one who has negligently put himself in a position of peril does all that he can to extricate himself and avoid injury by an approaching railway train, his negligence cannot be treated as the proximate cause of the injury where ordinary diligence is not exercised by those in charge of the train to avoid injuring him. There is an exception to this rule found in cases where the peril and the catastrophe are so close in time as to leave no room for preventive effort, and we find this illustrated in the cases of *Crawley* v. *Railroad Co.,* 70 Miss., 341; *Collins* v. *Railroad Co.,* 77 *Ib.,* 860, and *Railroad Co.* v. *Jobe,* 69 *Ib.,* 459. The same exception also pervades the case of *Howell* v. *Railroad Co.,* 75 Miss., 251. The unlawful speed of the train must be treated as the proximate cause of the injury, for while the engineer, with knowledge of plaintiff's peril, increased the speed, it is plain on the evidence that even the slightest slackening of speed, which would have followed the employment of the usual methods of arresting the speed of trains would have enabled the plaintiff to escape. *Jones* v. *Railroad Co.,* 75 Miss., 973; *Railway Co.,* v. *Carter,* 77 *Ib.,* 517; *Central, etc., Railroad Co.* v. *Lamb,* 26 So. R., 969 (s. c., 124 Ala., 172); *Tanner's Exr.* v. *Railroad Co.,* 60 Ala., 621; *Railroad Co.* v. *Brown,* 25 So. R., 609 (s. c., 121 Ala., 221); *Central, etc., Railroad Co.* v. *Forsher,* 125 Ala., 172, s.c., 18 Am. & Eng. R. R. Cas. (N. S.), 482-486; *Memphis, etc., Railroad Co.* v. *Martin,* 23 Am. & Eng. R. R. Cas. (N. S). 688, 689.

We understand that the courts not only make a distinction as to the grades of negligence on the part of persons or cor-

porations in considering injuries in cases of this character, but also make a distinction as to the grades of negligence of the person injured, where the question of contributory negligence is involved; and that either party may be guilty of simple negligence in the first instance, and gross, reckless, and wanton negligence in the second instance. (1) If the party committing the injury is only guilty of simple negligence, then simple contributory negligence on the part of the party injured, if such contributory negligence is in whole, or in part, the cause of the injury, is a bar to the right of recovery; (2) if the party inflicting the injury is guilty of gross, willful, or wanton negligence, then the ordinary plea of contributory negligence is no defense; (3) if both parties are guilty of willful, wanton, and reckless negligence, and such negligence on the part of each party contributes proximately to the injury done, then there is no right of recovery. That is to say: "If the party inflicting the injury sees the imperiled condition in which the other party has placed himself, in time to avert the injury by proper care and effort and makes no such effort, then there is a right of recovery, notwithstanding the party injured was guilty of negligence in placing himself in the dangerous position; but if the party committing the injury, after seeing the dangerous position in which the party injured is placed, with time and opportunity to prevent the same, and at the same time the party who is injured, after seeing the danger of such position, willfully and recklessly fails and refuses to make proper effort to extricate himself, and such failure contributes proximately to the injury, he cannot recover. *Memphis & C. R. R. Co.* v. *Martin,* 25 Am. & Eng. R. R. Cases (N. S.) 688.

All the matters which the court says the evidence in the Martin case tended to prove are clearly and affirmatively established by appellant's testimony in this case, with no contradiction or denial of any of those facts. So that the case at bar seems to us to be a hundredfold stronger in favor of the

appellant than was the Martin case, so far as the defendant's right to a peremptory charge was concerned, and still the supreme court of Alabama thought the Martin case was sufficient to justify the jury in finding for the plaintiff.

In the Duffy case, the supreme court of Illinois, in a case of an accident at a railroad crossing, said: "Under the circumstances, as they appear from the record, we cannot say the jury could only draw one inference (that of negligence) from his act, and therefore it was negligence *per se.* On the contrary, to say the least, a different conclusion might reasonably be drawn by different minds, and such being the case, it was a question to be submitted to the jury." *Railroad Co.* v. *Anderson,* 184 Ill., 294; 56 N. E., 331.

Moreover, the declaration charges the defendant with willfully and maliciously inflicting the injury. If the record discloses any evidence tending to support that averment, negligence on the part of the appellee, if conceded, would not excuse the appellant. *Elgin, etc., Ry. Co.* v. *Duffy,* 23 Am. & Eng. R. R. Cases (N. S.) 363; *Lake Shore, etc., Ry.* v. *Bodemer,* 139 Ill., 596; the same case, 32 Am. St. R., 218, 221, 224.

We would say in the case at bar that if the engineer did not see the peril of the appellant, his failure so to do is conclusive evidence of willful negligence. Why did he not see him, there being no obstruction to prevent his seeing him? It may be contended in the case at bar that as appellant saw the train coming it was not necessary to give any signal or warning. Not so at all. If, for any reason, the engineer saw that he could not so control the train as to allow the appellant to pass over in safety, and he thus saw him in the act of passing over, if he had given him any signal of warning, it is more than probable that he would have stopped before driving on the track. *Central R. R. Co.* v. *Vaughn,* 30 Am. St. R., 51; *L. & N. R. R. Co.* v. *Trammel,* 93 Ala., 350; *Howell* v. *Railroad Co.,* 75 Miss., 251; *Railway Co.* v. *Carter,* 77 Miss., 517.

*Catchings & Catchings,* for appellee.

It will be seen that the appellant appreciated the danger some time before he attempted to cross the track. He recognized the danger from the very moment when, acting under the suggestion or instructions of Rice, he began to whip the horse. He virtually states that he recognized that it was a race for life between him and the train. There is no need in a case like this to enter into a discussion of the question as to whether the train was running at a greater rate of speed than the statute allows, or whether the signals were given, or whether it was not possible for the engineer to stop his train.

As said by the supreme court of the United States in *Railroad Co.* v. *Houston,* 95 U. S., 702: "If using them he saw the train coming and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequence of his mistake and timidity cannot be cast upon the defendant. No railroad company can be held for a failure of an experiment of that kind. If one choses, in such a position, to take risks, he must bear the possible consequences of failure."

It was contended in that case that the train was moving at an unusual rate of speed, that its bell was not rung, that its whistle was not sounded, and that, but for the negligence of the company in these particulars, the injury would not have been inflicted.

It is too well settled by this court to call for further discussion that failure on the part of a railroad to observe statutory requirements as to speed, etc., will not make it liable where the injury resulted from contributory negligence on the part of the person injured.

Counsel for appellant have already elaborately figured out that he was traveling, when struck, at the rate of 528 feet per minute, or eight and eight-tenths feet per second, and that if consequently the engineer had slowed the train down, so as to have reduced its speed one-ninth of a second, the wagon

would have passed off the track and the injury would not have been inflicted. No cause is shown for the haste manifested by the appellant and his employer, Rice, in crossing the track. There was no emergency which required that they should essay the feat of crossing in the face of a rapidly approaching train.

Using the calculation as to speed and time made by counsel for appellant, and we may say that inasmuch as the appellant was within 147 feet of the Southern Railway when the train was first observed, and his team was capable of traveling at the rate of 528 feet per minute, he would only have been required to wait about one-third of a minute to let the train pass by. To save this one-third of a minute, if, indeed, he was attempting anything else but a mere reckless performance, he brought this injury upon himself. It is a poor rule that will not work both ways. The applicant estimated that he could cross the track before the train would reach the crossing. He admits now that he was in error in this calculation, but says that, notwithstanding this error, he would not have been hurt if the engineer had slowed his train. We may just as well say that the engineer did not slow his train because he estimated that the appellant would cross the track before his train reached it. If any estimate was made on the subject by the appellant and engineer at all, it simply shows that they were both mistaken, and in any view of it, the appellant contributed to his own injury.

In discussing a case somewhat like this, the court of errors and appeals of New Jersey, in *West Jersey R. R. Co.* v *wan,* 55 N. J. Law, 574, said: "In the exercise of reason le prudence a man could not expose his life to peril which he knew might be imminent if a delay of a few moments would assure him of safety, unless impelled by some motive or extreme urgency." In that case the plaintiff had got upon a track without knowing that a train was approaching, while here the appellant attempted to cross the track with the train in full view, rushing toward him.

Appellant assumes that he had a superior right to the crossing, but this is not the law. *Earle* v. *Consolidated Traction Co.,* 64 N. J. Laws, 573.

This case is very much like that of *Schwabewede* v. *North Hudson County R. R. Co.,* 51 At. R., 696. There the court said: "A plaintiff cannot take chances of this kind and hold himself free from contributory negligence. There is a difference between an unforeseen peril and being overtaken by one recklessly incurred. If it appears that the trolley car motorman is not going to respect your right to cross the streets first, you must wait, or you are guilty of contributory negligence if hurt."

TERRAL, J., delivered the opinion of the court.

Cottrell was driving a two-horse wagon along a street of West Point, and, when he neared the crossing of the Southern Railway Company, he say a train of said company proceeding toward the crossing before him; and, supposing that he could safely cross the track before the engine reached that point, he drove his team upon the crossing, and endeavored to cross over, but failed, and the left hind wheel of his wagon, lacking some twelve inches of being out of the way, was struck, from which misfortune Cottrell was violently thrown from his wagon and received injuries here complained of. As Cottrell was doubtless guilty of contributory negligence in attempting to cross the railroad track of appellee in front of a rapidly moving train, if this were the whole case, the peremptory instruction would have been correct. But the record discloses the fact that the train of appellee, though within the corporate limits of the city of West Point, and within plain view of the crossing, was running at a speed much greater than six miles per hour, and that it continuously increased its speed from the point where first noticed until it struck the wagon of applicant. The witness, Thomas, testifies that when the train was about the pump house he saw the engineer looking toward the crossing, and we

Statement of the case.

must presume that he saw the appellant's wagon upon the track; and, under such circumstances, it was the duty of appellee's servants to use all ordinary care to prevent running over appellant. It is a wholesome rule of law that, even where a person has voluntarily placed himself in a place of peril upon a railroad track, yet, where his peril becomes known to the engineer, it is his duty to use proper care not to inflict injury upon such person. Whether, therefore, the engineer, when he saw the danger threatening appellant, should have shut off steam and put on his brakes, or used other means in his power to lessen the speed of the train, and whether proper diligence on his part would have avoided the injury suffered by appellant, are questions which we think should have been submitted to the jury for solution. 1 Thomp. Negl., sec. 237. The peremptory instruction was erroneous.

*Reversed and remanded,*